GEORGE B. ASTLEY ET AL., RESPONDENTS, v. BOARD OF
COMMISSIONERS OF THE CITY OF NEWARK, APPEL-
LANT.

Argued June 30, 1922—Decided November 20, 1922.

On appeal from the Supreme Court, in which court the fol-
lowing memorandum was filed by Mr. Justice Bergen:

"Located in what is called 'Branchbrook Park' in the city
of Newark, and on part of a tract of eighty acres, there is
an abandoned reservoir which was formerly used to fur-
nish a public water supply, the title to the entire tract being
vested in the city of Newark, but legally committed to the
care, custody and control of the Newark aqueduct board.
That board in 1889 dedicated a part of the eighty acres,
which embraced the land occupied by the reservoir, if the
city of Newark should concur, to be used as a public park to
be known as 'Reservoir Park,' subject to the right of the
aqueduct board, the city or any department thereof having
control and management of its public water supply, to use
and maintain thereon reservoirs and pumping stations for
the supply of the city with water. In the same year the city,
by resolution, assumed control of the land to be used as a
public park, subject to the maintenance of the said reservoir.
In 1895 the Essex county park commission was created by
an act of the legislature which authorized any city, having
control of the parks and streets therein, to transfer the care,
custody and control of any park under its care or control to
any county park commission established under the act, and
shortly thereafter the city transferred to the Essex county
park commission the care, custody and control of the entire
tract of the eighty acres theretofore dedicated to park pur-
poses, subject to the maintenance of any reservoir thereon
for supplying the city with water. It is admitted that the
reservoir has been abandoned, and that until the passing of
the ordinance now under consideration the park commission

had the undisturbed control and custody of the entire tract. The ordinance assailed by this writ seeks to take from the care and custody of the park commission so much of the park as was formally used for reservoir purposes and to convert it into an open-air swimming pool. To this the park commission objects, and by this writ seeks to set it aside because (1) the city has no right to pass such a resolution; (2) the land is not under the control of the city but of the Essex county park commission; (3) that the land was dedicated to park purposes by the aqueduct board and it has since been transferred to the custody and control of the park commission.

"The principal question raised by the prosecutor is whether the city of Newark, having legally transferred the care and custody of this land to the park commission, can now by ordinance reassume the control and management of the property so dedicated and held. It is also urged that the city is estopped from now withdrawing its consent to the control by the park commission after having permitted that commission to exercise that right for twenty-seven years. If the contention of the city is sound, it then has the power to withdraw all of the parks of the city from the control of the park commission. This, we think, it cannot do without legislative sanction, and no such statute is called to our attention. The purpose of the legislature in creating the park commission was to put under its control and management all property dedicated, or in any way acquired by the city, for park purposes, and the power of control is very broad.

"The defendant first argues that it was necessary for the city to consent to the action of the board of street and water commissioners in transferring the park to the Essex county park commission, and that it did not consent to the transfer of its right in reservoir park, because whatever transfer was made was subject to reservoir use. We think that, having acquiesced in the management and control of the park commission for twenty-seven years and the expenditure of large sums of money on the park, the city is estopped to deny having consented, after the commission had acted thereon in

good faith. *Oliver* v. *Jersey City*, 63 N. J. L. 96, 104. In addition to this, the reserved use of the land was only for reservoir purposes, and not for the establishing of open-air swimming pools. What right the city may have to use this land for reservoir purposes, it is not necessary to consider, because by the ordinance assailed it is not proposed to exercise any of the rights reserved. The city also insisted that certain earlier acts require the concurrence of common council where any land of the city is sold, and that this was not given. But these statutes relate to a sale, and giving the custody to the park commission was not a sale of land, the fee remaining in the city, and all that was passed was the custody and control.

"The point is made that the Park Commission act of 1895 is unconstitutional, but that matter has been disposed of in *Ross* v. *Freeholders*, 69 N. J. L. 291, where the Court of Errors and Appeals held that the County Park act of 1895 is constitutional. We are of opinion that the city of Newark had no authority to pass the ordinance in question, the effect of which is to interfere with its former action in placing this property under the custody and control of the Essex county park commission, without statutory authority authorizing it, and none appears to exist.

"The resolution will be set aside, with costs."

For the appellant, *Joseph G. Wolber* (*Jerome T. Congleton*, on the brief).

For the respondents, *J. Henry Harrison*.

PER CURIAM.

The opinion of the Supreme Court states fully the facts leading up to this suit. It is claimed for the appellants, and the claim seem substantiated, that the Supreme Court misapprehended the stipulation of facts in saying that the "care and custody" of the land in question passed to the park commission. On the contrary, the stipulation states that the care and custody of the abandoned reservoir and its

appurtenances were retained by the city. This, however, is not material in the view that we take of the case, which is, that under section 18 of the County Park act of 1895 (*Pamph. L., pp.* 169, 183; *Comp. Stat., pp.* 4168, 4178), there was, as pointed out by the Supreme Court, a valid "transfer" of the park land including the reservoir site, to the park commission, subject as to such site to a reservation of use for reservoir purposes, and that such transfer being so effected, the city could not resume user of the site for any other purpose.

Section 18 of the County Park act, *ubi supra,* is attacked as not within the title of the act ("An act to establish public parks in certain counties in this state, and to regulate the same)." We hardly think this argument can be pressed seriously, in view of the great mass of legislation bearing similar or cognate titles, and its general acceptance by the courts and bar. In the case of *Attorney-General* v. *McKelvey,* 78 *N. J. L.* 621, a case of the greatest importance argued by eminent counsel, the question of sufficiency of title was not even alluded to; a circumstance pointedly commented on by the Chief Justice in *Quigley* v. *Lehigh Valley Railroad Co.,* 80 *Id.* 486, 491, where the title of a statute was drawn in question and upheld, and later by Mr. Justice Parker in *Mount* v. *Howell,* 85 *Id.* 487, 489. We deem section 18 within the scope of the title of the County Park act, and this being so, and the transfer being valid under that section, the judgment of the Supreme Court will be affirmed on this ground without reference to other matters discussed by that court.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, PARKER, KALISCH, BLACK, KATZENBACH, WHITE, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 11.

*For reversal*—None.